```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS


                                )
ERIC J. DUARTE,                 )
        Plaintiff,              )
                                )     Civil Action No.
        v.                      )     23-11731-NMG
                                )
DANIELLE FRANE, et al.,         )
        Defendants.             )
                                )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Eric J. Duarte, who is confined at the Norfolk County Correctional Center ("NCCC"), has filed a complaint (Docket # 1) and a proposed "Injunction [and] a Temporary Restraining Order" (Docket # 2), which, for present purposes, the Court treats as a motion for a preliminary injunction. For the reasons set forth below, the Court DISMISSES the complaint, DENIES the motion for a preliminary injunction, and directs Duarte to file an amended complaint if he wishes to bring a claim concerning the adequacy of his medical care at NCCC.

**I.   Duarte's "Complaint"**

On or about July 28, 2023, the Clerk received three large envelopes from Duarte containing a variety of typed and handwritten documents. Although many of the pages Duarte submitted bear the case number of an action he commenced in May 2023, see Duarte v. Frane, et al., C.A. No. 23-11009-NMG, based

on the content of the pages, it does not appear that Duarte intended all of them to be filed in the existing action. Moreover, Duarte's papers included two civil cover sheets, a handwritten "Complaint and Request for Injunction," typed complaints that he may have filed in state court, typed lists of cases he had filed in state court and the defendants in each case, and other documents.

    The Clerk has undertaken the near impossible task of discerning which papers are applicable to Duarte v. Frane, et al., C.A. No. 23-11009-NMG, and based on the filing of two new cover sheets, of designating the remaining documents for docketing in one of the two new cases Duarte is apparently bringing.

**II. Claims of "Mind Control Technology"**

    Under 28 U.S.C. § 1915A, the Court must conduct a preliminary review of complaint filed by a prisoner against governmental units or employees. The Court must dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A. A complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The standard for evaluating whether a complaint is "frivolous" is an objective one, and it is not a measure of the plaintiff's sincerity in bringing the action or of the

subjective importance the claims have for the plaintiff.  See
Deutsch v. United States, 67 F.3d 1080, 1086 (3d Cir. 1995).

Throughout the 63 pages that constitute the complaint and exhibits of this action, Duarte's primary allegations are that the NCCC Superintendent Danielle Frane and others at NCCC are using "mind control technology" on him, which allows NCCC staff to force him to perform certain actions and to submit to mistreatment.  He also claims that this technology allows NCCC employees to hear all his thoughts.  Duarte further asserts that NCCC employees subsequently share Duarte's private thoughts with others, who in turn harass and assault him.

Duarte's allegations of the use of "mind control technology" by others to control him and read all his thoughts lack an arguable basis in either law or fact.  Accordingly, the Court DISMISSES the complaint.

### III. Motion for Temporary Restraining Order

"[A] party seeking a preliminary injunction must demonstrate, among other things, 'a likelihood of success on the merits.'"  Munaf v. Geren, 553 U.S. 674, 790 (1st Cir. 2008) (quoting Gonzales v. O Centro Espirita Beneficente União do Vegetal, 564 U.S. 418, 428 (2006)); see also Akebia Therapeutics, Inc. v. Azar, 976 F.3d 86, 92 (1st Cir. 2020) (stating that, "in the preliminary injunction calculus," "[t]he most important [factor] is whether the movant has demonstrated a

3

likelihood of success on the merits"). Because Duarte has not shown a likelihood of success on the claims that are the subject of his motion for a preliminary injunction, the Court DENIES the motion.

The bulk of Duarte's motion for a preliminary injunction concerns his request that the Court "enjoin[] and restrain[] [NCCC Superintendent Danielle Frane] from employing her agents to sexually abuse, stalk, harass, assault, violate every constitutional right & law by actively engaging in criminal vehicle of illegal use of mind control technology." Mot. Prelim. Inj. at 2. In light of the Court's finding above that Duarte's claim concerning the use of "mind control technology" lacks an arguable basis in either law or fact, the claim does not have any likelihood of success.

In the motion for a preliminary injunction, Duarte also asks that Superintendent Frane and NCCC employee Chris Dawly "allow plaintiff with required access to legal library." Id. at 2. In addition, he asks that the Court order Superintendent Frane and others to "make considerations for plaintiff's mental health medications, agree to deliberate indifferance [sic] and honor plaintiff['s] request." Id.

The factual bases for any claims of lack of access to the law library or inadequate medical care are not clear from Duarte's lengthy and disarranged filings received by the Clerk

4

on July 28, 2023.  Accordingly, Duarte has not shown a likelihood of success on the merits of these claims.

**IV.   Filing of an Amended Complaint**

Although the Court is dismissing any claims concerning the use of mind control technology, Duarte may nonetheless prosecute claims concerning other conditions of confinement at NCCC to which he refers in the papers he filed on July 28, 2023—namely, his alleged lack of access to the law library and inadequate medical care.  As Duarte's alleged lack of access to the law library is already the subject his earlier-filed lawsuit, see Duarte v. Frane, et al., C.A. No. 23-11009-NMG, any further claims on the same matter should be prosecuted in that case.[1]

Should Duarte wish to prosecute claims concerning his medical care at NCCC, he shall file an amended complaint in this action setting forth said claims.  The amended complaint will completely replace the original complaint.

Any amended complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  The assortment and length of documents Duarte recently filed does not meet that standard.  The amended complaint must consist of a

---

[1] As needed, Duarte may amend his complaint in Duarte v. Frane, et al., C.A. No. 23-11009-NMG, in accordance with Rule 15 of the Federal Rules of Civil Procedure.

5

single document with consecutively numbered pages. The factual allegations must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

"The title of the [amended] complaint must name all the parties." Fed. R. Civ. P. 10(a). If Duarte names more than one defendant, the claims in the amended complaint must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A).

## V. Resolution of the Filing Fee

A party bringing a non-habeas civil action in a federal district court must either (1) pay a $350.00 statutory filing fee and a $52.00 administrative filing fee (collectively, "the filing fee"), see 28 U.S.C. § 1914; or (2) seek leave to proceed without prepayment of the filing fee, see 28 U.S.C. § 1915 (proceedings in forma pauperis).

When a court allows a prisoner to proceed without prepayment of the $402 filing fee, the $52 administrative filing fee is waived. Notwithstanding, the prisoner is required to pay the $350 statutory filing fee over time, regardless of the outcome and duration of the action. See 28 U.S.C. § 1915(b).[2]

---

[2] A court directs the appropriate prison official to withdraw an initial partial payment in an amount calculated from information contained in the plaintiff's prison account statement, followed by monthly payments based on the prisoner's income until the

Accordingly, if Duarte wishes to pursue this action, in addition to filing an amended complaint, he must (1) pay the $402 filing fee; or (2) file completed and signed application to proceed without prepayment of the filing fee accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).

**ORDER**

In accordance with the foregoing:

1. The motion for a preliminary injunction is DENIED.

2. The complaint is DISMISSED.  The dismissal of the complaint is without prejudice to Duarte (i) asserting claims for lack of access to the NCCC law library in Duarte v. Frane, et al., C.A. No. 23-11009-NMG; and (ii) filing an amended complaint in this action asserting claims concerning inadequate medical care at NCCC.

3. If Duarte elects to file an amended complaint in this action (i) the amended complaint must comply with the

---

entire $350 statutory filing fee is paid in full.  See 28 U.S.C. § 1915(b)(1)-(2); see also 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

requirements set forth in Section IV, supra, and must be filed within thirty-five (35) days of the date of this order; and (ii) within thirty-five (35) days of the date of this order, Duarte must pay the $402 filing fee or file an application to proceed without prepayment of the fee.  Said application must be accompanied by the prison account statement required under 28 U.S.C. § 1915(a)(2).

Failure to comply with (i) and (ii) shall result in dismissal of this action.

**So ordered.**

                                             /s/ Nathaniel M. Gorton
                                             Nathaniel M. Gorton
                                             United States District Judge

Dated: 08/07/2023